**FLASTER/GREENBERG P.C.**
By: Jeffrey A. Cohen, Esquire (PA 69224)
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Ph:  (856) 661-1900
Fax:  (856) 661-1919
Jeff.cohen@flastergreenberg.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NORMA H. SILVERBERG,<br><br>                              Plaintiff,<br><br>     v.<br><br>MARC SILVERBERG<br>-and-<br>JOSEPH P. MCDONALD, ESQUIRE<br>-and-<br>DIANE M. ZABOWSKI, ESQUIRE<br><br>                              Defendants. | Civil Action No:  2:12-cv-00411 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT MARC
SILVERBERG TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.     PRELIMINARY STATEMENT**

Plaintiff attempts to improperly entwine this Court in an ongoing guardianship proceeding in the Court of Common Pleas of Montgomery County, Pennsylvania.  What began as a straightforward, though contested, family law matter has escalated to a massive, baseless RICO Complaint by one son who refuses to explain his control and alleged mismanagement of the Plaintiff's finances to the state court, against a son concerned for his mother's well-being, the son's attorney, and a court-appointed attorney designated to act in the mother's best interests.[1]  Defendant

---

[1] This is not the first time that Plaintiff's counsel, Richard Silverberg, has brought baseless RICO claims in an attempt to collaterally attack a state proceeding.  The Third Circuit Court of Appeals recently upheld

Marc Silverberg, the son who initiated the guardianship proceeding, joins Defendant Joseph P. McDonald (his attorney in the state-court proceeding) and Defendant Diane M. Zabowski (Norma Silverberg's court-appointed attorney) in their Motions to Dismiss Plaintiff's Amended Complaint. Defendant Marc Silverberg (hereinafter "Defendant") specifically incorporates and adopts all arguments made by co-Defendants in the briefs filed in support of their motions to dismiss.[2]

Defendant respectfully submits that Plaintiff has failed to state a claim under RICO or Pennsylvania tort law. Plaintiff's Complaint should be dismissed in its entirety as a matter of law and any claims that remain are either not ripe or must be brought in the Pennsylvania Court of Common Pleas where the related action remains pending.

## II.   FACTS

Plaintiff, Norma Silverberg, is Defendant's 84-year-old mother. Plaintiff's attorney, Richard Silverberg, is Defendant's brother. In September 2011, Defendant filed a petition for guardianship in the Montgomery County Court of Common Pleas, after years of expressing concern that Norma Silverberg is not able to manage her own finances, and that Richard Silverberg, her son and Power of Attorney, is taking advantage of Plaintiff's incapacity and unduly jeopardizing

---

sanctions against Richard Silverberg in the amount of $81,710.99 for this very behavior. See Jackson v. Rohm & Haas Co., 366 Fed. App'x 342 (3d Cir. 2010); (E.D. Pa. Docket No. 05-cv-04988) (Pollock, J.). In Jackson, plaintiff, through his counsel Richard Silverberg, brought an invasion of privacy claim against his employer, Rohm & Haas Company ("Rohm & Haas") in the Pennsylvania Court of Common Pleas. Id. at 344. The Pennsylvania court determined that the claim was wholly barred by the Pennsylvania Worker's Compensation Act. Id. at 345. Richard Silverberg then filed a RICO claim in the district court against Rohm & Haas, which was dismissed for lack of standing. Id. Richard Silverberg then filed another RICO claim, this time against Rohm & Haas, its counsel in the state court proceeding, and plaintiff's insurance company. Id. After a third similar claim was filed, the district court dismissed the complaint and awarded sanctions. Id. The Third Circuit upheld the dismissal of the complaint and the imposition of sanctions finding that the claims "were completely without merit." Id. at 347. The Third Circuit upheld the decisions of the Magistrate Judge and the district court in light of "counsel's intractable conduct." Id. at 349. Richard Silverberg has demonstrated a pattern of reckless disregard for the law, and the integrity of both the state and federal courts in his baseless collateral attacks based on frivolous RICO claims. This Court should once again send a clear message to Richard Silverberg that his actions are unacceptable and will not be tolerated.

[2] Co-Defendants McDonald and Zabowski filed motions to dismiss on March 27th and March 29th, respectively. (See doc nos. 13, 14). However, the motions were denied without prejudice with leave to re-file. (doc. no. 20). Defendant Silverberg adopts and incorporates any brief filed by co-Defendants in accordance with Your Honor's Order.

2

Plaintiff by putting her at risk of prosecution for failing to file income tax returns for Plaintiff for almost a decade.

The crux of Plaintiff's Complaint before this Court is that Defendant's petition was brought in bad faith. The only fact supporting Plaintiff's claim is an email that Defendant sent to his sister, Ellen Silverberg, which Plaintiff's attorney (Plaintiff's other son) attempts to misinterpret for his own gain. (Pl.'s Compl. ¶ 37). The email was written to calm family tensions and clarify that the guardianship petition was not a personal attack on Plaintiff, but rather a concern for Plaintiff's financial well-being. This one email, between a brother and a sister regarding a private family matter, simply does not form a plausible basis for Plaintiff's allegations of RICO violations and tort claims.

Defendant respectfully submits that Plaintiff has failed to state a claim for relief under RICO, or Pennsylvania tort law. Accordingly, Plaintiff's Complaint should be dismissed in its entirety as a matter of law. Alternatively, at the very least, the Court should remand Plaintiff's state law claims to avoid impugning the integrity of ongoing state court proceedings. A determination of legitimacy should be left for the state court to decide, in the time and manner of its choosing. The fact that Plaintiff has sued her own court-appointed attorney in a pending state proceeding already raises serious concerns. This Court should end the attempt to collaterally attack the guardianship petition any further, by remanding the state law claims to state court for adjudication.

### III. ARGUMENT

#### A. Standard of Review

A complaint will be dismissed under FRCP 12(b)(6) when it lacks factual allegations sufficient to establish a plausible claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The "short and plain statement of the claim" requirement of FRCP 8(a)(2) does not sanction a complaint that amounts to an "unadorned, the defendant-unlawfully-harmed-me accusation." Id. A complaint must provide "more than labels and conclusions, and a formulaic recitation of a cause

3

of action's elements will not do." Id. (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). In analyzing a motion to discuss under FRCP 12(b)(6), legal conclusions in the complaint are disregarded, and the Court must determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The "plausibility" analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 211 (citing Iqbal, 120 S.Ct. at 1949).

    **B.** **Plaintiff has no Standing to bring a Civil RICO Claim and has Failed to Plead a Plausible Claim based on Predicate Criminal Offenses**

At the outset, the Racketeer Influenced and Corrupt Organizations Act ("RICO") is "primarily a criminal statute," only providing a private right of action under limited circumstances. Shahin v. Darling, 606 F. Supp. 2d 525, 536 (D. Del. 2009) aff'd, 350 F. App'x 605 (3d Cir. 2009). A private right of action can only be sustained if the plaintiff has an injury to business or property because of the (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); 18 U.S.C. § 1964(c). Racketeering activity is defined in 18 U.S.C. § 1916 as one of the enumerated criminal offenses, which serve as the predicate offenses to civil liability. Plaintiff in this case has alleged that Defendant engaged in criminal obstruction of justice and federal/mail wire fraud in the initiation of the state guardianship proceeding. (Pl.'s Compl. Counts I, II). As set forth below, Plaintiff has failed to state a claim with respect to the requirements for civil RICO, and the underlying alleged (yet unsupportable) criminal offenses.

    *1.* *Plaintiff has no Standing to Bring a Civil RICO Claim, because there is no Injury to Business or Property*

Plaintiff does not have standing to maintain a civil RICO claim because Plaintiff has not been "injured in [her] business or property by reason of a violation of section 1962" of RICO. 18 U.S.C. § 1964(c); (McDonald Brief, pp 9-11); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d

Cir. 2000) (the question of whether plaintiff has sustained an injury to business or property is a standing issue). This provision is an important restricting principle, and ensures that "RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff." Id. at 483. In Maio, the Third Circuit held that a plaintiff cannot sustain a claim based on alleged "economic harm . . . [that is] contingent upon the impact of events in the future which have not yet occurred." Id. at 494-95. Therefore, plaintiff's claims that they overpaid for health insurance that had the **potential** to result in sub-standard care was not actionable under RICO. Id. at 494. This principle is consistent with the well-established rule that "a showing of injury requires proof of a concrete financial loss and not mere injury to a valuable intangible property interest." Id. at 483; see also Anderson v. Ayling, 396 F.3d 265, 271 (3d Cir. 2005) (corruption of local union not a loss to business or property for civil RICO purposes).

Without conceding that the appointment of a guardian would cause Plaintiff any economic harm (exactly the opposite), Plaintiff's claims based on alleged "interference" with respect to Plaintiff's finances must fail because Plaintiff has alleged nothing more than the **potential** of future economic harm, and does so without the requisite specificity.

### 2. *Plaintiff has Failed to Adequately Plead that there is an "Enterprise"*

Plaintiff has failed to plead a plausible claim that there is an enterprise under RICO. As the United States Supreme Court has recently held, "[f]rom the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. United States, 556 U.S. 938, 946 (2009). It is clear that "[s]imply listing a string of individuals or entities that engaged in illegal conduct, without more, is insufficient to allege the existence of a RICO enterprise." McCullough v. Zimmer, Inc., 382 F. App'x 225, 231 (3d Cir. 2010). In McCullough, the court upheld the dismissal of plaintiff's claim because the mere allegation that multiple doctors received kickbacks from the same companies did

5

not set for a plausible claim that defendants "combined as a unit with any semblance of an organizational framework or common purpose." Id. at 232.

In the case at bar, Plaintiff has failed to plead a plausible claim that Defendant, his attorney, and the court-appointed attorney for his mother "function[s] as a continuing unit and [will] remain in existence long enough to pursue a course of conduct." Boyle, 556 U.S. at 948.  Rather, Plaintiff's threadbare recital of the legal elements of an enterprise fails to state any facts making it plausible that there is any structure, coordination, longevity, or unified purpose with respect to Defendants in this case.  See, e.g., Smallwood v. Lupoli, No. 07-4445, 2009 WL 579419 at *1 (2d Cir. Mar. 4, 2009) ("The fact that defendants -- a court-appointed guardian, an attorney retained by the guardian, an appraiser, certain bidders and the corporate entities through which they operated -- were repeat players in two property auctions is insufficient, by itself, to permit a reasonable factfinder to conclude that they functioned as a unit to accomplish the alleged unlawful objective of rigging the properties' at-auction sales prices.")

Accordingly, Plaintiff's RICO claim should be dismissed.

### 3. *Plaintiff has Failed to Adequately Plead that there is a "Pattern"*

Plaintiff has failed to plead a plausible claim that there is a "pattern."   In order "to prove a pattern of racketeering activity a plaintiff must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." Tabas v. Tabas, 47 F.3d 1280, 1292 (3d Cir. 1995) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239).  In order to show so-called "closed-ended" continuity, there must be "a series of related predicates extending over a substantial period of time," and the Third Circuit has held that conduct lasting "no more than twelve months" is not a "substantial" period of time, and there is no RICO "pattern" under those circumstances.  Tabas, 47 F.3d at 1292.  Alternatively, a plaintiff can only show a threat of continued future activity (so-called "open-ended" continuity) by proving that the predicate criminal activity is the "regular way of conducting defendant's ongoing legitimate business." Id. at 1295.

6

Under either theory of continuity, Plaintiff's complaint fails to state a claim. Plaintiff cannot establish closed-ended continuity, because the guardianship petition was filed less than twelve months after this case was brought. Likewise, Plaintiff cannot establish open-ended continuity because Plaintiff has failed to allege any facts showing that this is the "regular way of conducting business" with respect to any Defendant. Plaintiff's entire Complaint is based on a singular guardianship proceeding, which cannot plausibly constitute the basis for allegations of continued criminal activity for a substantial period of time. See Satcher v. Schubert, 129 F. App'x 371, 372 (9th Cir. 2005) (upholding the district court's dismissal of petitioner's RICO claim "in connection with his grandfather's state court guardianship proceedings . . . [because petitioner] failed to sufficiently allege a pattern of racketeering activity").

Based on the above, Plaintiff's RICO claim based on Defendant's alleged racketeering activity must fail, because Plaintiff has failed to plead the prerequisites for stating a civil RICO claim. Additionally, Plaintiff's RICO claim must fail because Plaintiff has failed to plead a plausible claim that Defendant engaged in any predicate criminal offenses.

### 4. *Plaintiff has Failed to State a Claim with Respect to the Predicate Criminal Offenses*

With respect to Plaintiff's claims of both obstruction of justice and mail/wire fraud, Plaintiff has failed to state a plausible claim that Defendant has committed criminal activity through the initiation of a state guardianship petition.

#### a. **Actions in a State Court Proceeding cannot form the Basis for a RICO Obstruction of Justice Claim**

Plaintiff has failed to state a claim for obstruction of justice because there is no federal proceeding at issue. Plaintiff's RICO claim is premised solely on the filing of the guardianship petition in state court, and statements made in connection with the adjudication of Plaintiff's competency. (See Amended Compl. ¶¶ 59-82). Plaintiff wrongly asserts that Defendants

7

committed an obstruction of justice under 18 U.S.C. § 1512(c)[3] in connection with the state proceeding. Obstruction of justice is a criminal offense, and there is "no private cause of action for the alleged violation of 18 U.S.C. § 1512." Shahnin v. Darling, 606 F. Supp. 2d 525, 537 (D. Del. 2009), aff'd, 350 Fed. App'x. 605 (3d Cir. 2009). However, a plaintiff can bring a civil case with § 1512 as the underlying predicate act if all of the criteria for civil RICO are met, **and** the alleged obstruction of justice falls within the statutory definition of the crime.

In this case, the criteria for bringing a civil RICO claim are not met **and** there is no obstruction of justice which falls within the statutory definition of the crime because it occurred in a state court proceeding, and the statute only applies to federal proceedings. U.S. v. Bell, 113 F.3d 1345 (3d Cir. 1997) ("the statute limits its reach to tampering that affects a federal proceeding or investigation"). Indeed, the district court in Shahnin v. Darling, with facts similar to the allegations in this case, dismissed plaintiff's civil RICO claim. In Shahnin, plaintiff had initiated three separate lawsuits in Delaware state courts, all without success, and thereafter initiated a RICO lawsuit alleging that "judges, attorneys, and court reporters acted in collusion . . . [and] committed obstruction of justice, fraud, and racketeering." 606 F. Supp. 2d at 530. However, plaintiff's claims were barred because the predicate acts alleged fell outside of the statute, which deals only with federal proceedings:

> Plaintiff does not allege that any defendant hindered, delayed, or prevented the communication of information to any law enforcement official or federal judge relating to any federal offense. Because all acts as alleged by plaintiff took place in state court proceedings, the alleged conduct would not be indictable under § 1512 and, therefore, they are not predicate acts. Consequently, plaintiff may not rely on alleged violations of § 1512 as predicate acts to support her RICO claim. Id. at 537.

---

[3] This section provides: "Whoever corruptly -- (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both."

The only mention of any federal body in Plaintiff's Complaint is the misguided allegation that Defendant Silverberg's guardianship petition is attempting to obstruct, influence, or impede "the Social Security Administration's present and future administration" of Plaintiff's benefits. (Pl.'s Compl. ¶ 62). This allegation is implausible because if a guardianship is necessary, an individual's Social Security Administration benefits are simply paid to the guardian, but remain for the benefit of the Plaintiff, in this case, Norma Silverberg. There is no interference with the Social Security Administration's ability to determine and disburse benefits; the benefits are just paid to a different recipient. See, e.g., Hahn ex rel. Granata v. Luke's Hosp., 57 Pa. D. & C. 4th 353, 358 (Pa. Ct. Com. Pl. 2002) (noting that the incapacitated individual "applied for Social Security benefits through his guardian").

Plaintiff has failed to assert a plausible claim that the initiation of a guardianship petition amounts to corrupt obstruction of the Social Security Administration's disbursement of benefits, and Plaintiff's RICO claim should therefore be dismissed.

### b. Defendant's Communications regarding his Mother's Guardianship Petition do not Constitute Mail/Wire Fraud

Plaintiff's claim for Mail or Wire Fraud cannot be sustained because Plaintiff has failed to plead a plausible civil RICO claim with respect to injury, enterprise, and pattern.

Additionally, Plaintiff has failed to plead a plausible claim that Defendant has committed fraud. Federal mail and wire fraud, 18 U.S.C. §§ 1341, 1343, are criminal statutes prohibiting the use of mail and wire communications in furtherance of a "scheme or artifice to defraud." Id. However, the facts as plead by Plaintiff fail to state a plausible claim that Defendant engaged in any scheme or artifice to defraud. The communications alleged by Plaintiff concern Defendant's inquiry into the state of his mother's finances, and communications that took place within the context of a contested guardianship proceeding. While Plaintiff may subjectively believe that guardianship is not necessary, this belief does not prove fraud on the part of Defendant. Plaintiff

9

has failed to plead a plausible claim that Defendant made these communications with any intent to defraud. The only thing the referenced email shows is that Defendant is a caring son who reluctantly is assuming a necessary obligation to protect his mother, who has been incapable of handling her own finances, as evidenced by Richard Silverberg's own admissions that he has taken certain funds and failed to fulfill certain legal obligations on Plaintiff's behalf.

### 5. *Plaintiff's Claim for RICO Conspiracy under 18 U.S.C. § 1512(k) is Improper*

Plaintiff has improperly pled a cause of action for **criminal conspiracy** in the Complaint based on a criminal, not a civil, cause of action. (Pl.'s Compl., Count III). This claim should be dismissed, as Plaintiff has no standing to bring a criminal action against Defendant. See Shahin, 606 F. Supp. 2d at 538 ("The complaint refers to § 1512 which criminalizes tampering with a witness, victim, or an informant. Plaintiff, however, has no private cause of action for the alleged violation of 18 U.S.C. § 1512.") In this case, just as in Shahin, Plaintiff has improperly pled a direct claim under a criminal statute, which Plaintiff has no standing to bring.

### 6. *Plaintiff's Claim for RICO Conspiracy pursuant to 18 U.S.C. § 1962(d) should be Dismissed*

Plaintiff's claim for conspiracy should be dismissed, as Plaintiff has failed to state an underlying claim for a RICO violation. (Pl.'s Compl., Count IV). It is well-established in the Third Circuit that if a plaintiff fails to state a claim under the civil RICO provision, any counts of RICO conspiracy must be dismissed as well. See Lum v. Bank of Am., 361 F.3d 217, 227 n.5 (3d Cir. 2004) wherein the court held:

> Having correctly found that plaintiffs failed to adequately plead a substantive RICO claim under 18 U.S.C. § 1962(c), the District Court properly dismissed the RICO conspiracy claim under 18 U.S.C. § 1962(d). Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient. (internal quotation omitted).

Therefore, Plaintiff's claim for conspiracy under § 1962(d) should be dismissed.

### 7.     *Plaintiff's Request for an Injunction is Barred by the Anti-Injunction Act*

Plaintiff's request for injunctive relief (Compl. ¶ 82) is contrary to the Anti-Injunction Act, which provides that, "A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  There is considerable authority for the proposition that RICO does not provide a private litigant with the right to seek injunctive relief at all, and RICO clearly does not authorize a private litigant to stay state proceedings.  See Marsellis-Warner Corp. v. Rabens, 51 F. Supp. 2d 508, 518 (D.N.J. 1999) ("no private equitable remedy [under RICO] was intended"); Religious Tech. Ctr. v. Wollersheim, 796 F.2d 1076, 1084 (9th Cir. 1986) ("The legislative history mandates us to hold that injunctive relief is not available to a private party in a civil RICO action.")  In any event, even if Plaintiff has such a right, Plaintiff has failed to plead, let alone show, any danger of irreparable harm.  Plaintiff's counsel's previous attempt to enjoin a transaction under RICO was dismissed on this basis in the Eastern District of Pennsylvania.  See Jackson v. Rohm & Haas Co., 05-4988, 2009 WL 948741 at *3 (E.D. Pa. Mar. 20, 2009) (plaintiff was required, and failed, to show "irreparable harm in the absence of an injunction").

### C.     **Plaintiff's State Law Claims are Legally Barred and should be Dismissed or Remanded for State Court Consideration**

Plaintiff's state law claims are wholly barred by Pennsylvania's judicial privilege.  Alternatively, this Court has discretion to remand Plaintiff's state law claims, and remand would be appropriate under the unique circumstances of this case.

### 1.     *Plaintiff's Abuse of Process Claim is not Ripe for Adjudication*

Plaintiff has failed to plead the required "act or threat not authorized by the process, or [that] the process [was] used for an illegitimate aim such as extortion, blackmail, or to coerce or compel the plaintiff to take some collateral action." Giordano v. Claudio, 714 F. Supp. 2d 508, 533 (E.D.

Pa. 2010) (quoting Al Hamilton Contracting Co. v. Cowder, 434 Pa.Super. 491, 644 A.2d 188, 192 (Pa. Super. Ct. 1994)).  Instead, Plaintiff has pled that the guardianship action was initiated so that transparency, oversight, and assistance could be rendered with respect to Plaintiff's finances, which is precisely the proper purpose of a guardianship proceeding.  (Pl.'s Compl. ¶ 99).

Of course, Plaintiff has averred that guardianship is not necessary, and that there was a lack of good faith in bringing the petition.  (Id.)  Defendant vigorously disagrees with this allegation, but this allegation, even when viewed in the light most favorable to Plaintiff, fails to state a claim for abuse of process.  Rather, this averment is indicative of a violation of Pennsylvania's Dragonetti Act for wrongful initiation of civil proceedings, which cannot be brought unless and until the underlying proceedings have concluded in Plaintiff's favor.  See 42 Pa. Cons. Stat. Ann. § 8351 (West). [4] ; see also Ciolli v. Iravani, 625 F. Supp. 2d 276, 297 (E.D. Pa. 2009) ("Plaintiff is arguing that the existence of the suit itself was designed to coerce [a third party] into making these concessions. Thus, to the extent that [Plaintiff] has a claim against Defendants . . . it is for wrongful initiation of civil proceedings, not for abuse of process.")

Additionally, **even if** Plaintiff had facts to support an abuse of process claim, the claim is not now ripe for adjudication before this Court.  See Giordano v. Claudio, 714 F. Supp. 2d 508, 533 (E.D. Pa. 2010) ("The assertion . . . that the underlying litigation as a whole constitutes an abuse of process fails to state a claim which is ripe for adjudication. By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded.")

---

[4] The full text of the statute reads:
    (a) Elements of action.  A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
        (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
        (2) The proceedings have terminated in favor of the person against whom they are brought.
    (b) Arrest or seizure of person or property not required.  The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

Therefore, Plaintiff's abuse of process claim should be dismissed, as Plaintiff has failed to state a claim, and any claim is not ripe for adjudication in any event.

### 2. *Plaintiff's Tort Law Claims are barred by Pennsylvania's Judicial Privilege*

Under Pennsylvania law, "participants in judicial proceedings have an absolute privilege for communications related to the proceedings." LLMD of Michigan, Inc. v. Jackson-Cross Co., 740 A.2d 186, 188 (Pa. 1999) (citing Binder v. Triangle Publications, Inc., 275 A.2d 53 (Pa. 1971)). This privilege applies to statements by "a party, a witness, counsel, or a judge," and is based on the established public policy of "afford[ing] freedom of access to the courts" for all parties, and "encourage[ing] . . . complete and unintimidated testimony in court" with respect to witnesses. Id. at 189 (emphasis added). While the genesis of the judicial privilege was to prohibit defamation actions for statements made during litigation, the Pennsylvania Supreme Court has held that the privilege bars **any tort action**. See id. ("The witness immunity doctrine has been applied by the Superior Court in actions other than for defamation when the court has determined that the extension of immunity is in furtherance of the policy underlying the doctrine." (citing Clodgo v. Bowman, 601 A.2d 342, 345 (Pa. Super. Ct. 1992)) ("Regardless of the tort contained in the complaint, if the communication was made in connection with a judicial proceeding and was material and relevant to it, the privilege applies.") (applying the privilege to a professional malpractice claim); see also Buschel v. MetroCorp., 957 F. Supp. 595, 598-99 (E.D. Pa. 1996) (applying the privilege to bar an invasion of privacy claim); Thompson v. Sikov, 490 A.2d 472, 473 (Pa. Super. Ct. 1985) (finding that a claim for intentional infliction of emotional distress was barred, and noting that even out-of-court communications were absolutely privileged and counsel was "immune from financial liability even if his statement is a knowing and malicious falsehood.")

Therefore, in addition to any arguments made by co-Defendants with respect to Plaintiff's deficient state law claims, dismissal of Plaintiff's Pennsylvania tort law claims is additionally appropriate on the basis of Pennsylvania's judicial privilege doctrine.

### *3.     It is within this Court's Discretion to remand all of the State Law Claims*

This Court has discretion to decline to exercise supplemental jurisdiction over a state law claim if: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c).

Defendant avers that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, particularly if Plaintiff's RICO claim is dismissed.  See Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 225, 221 (3d Cir. 1995) (upholding the district court's decision to remand the remaining state law contract and tort claims after the RICO claim was dismissed). Section 1367(c) grants courts "the discretion to refuse to exercise supplemental jurisdiction when values of judicial economy, convenience, fairness, and comity counsel that the district court remand state claims to a state forum." Combs v. Homer-Ctr. Sch. Dist., 540 F.3d 231, 254 (3d Cir. 2008) (internal quotations omitted).  The decision to remand under Section 1367(c) "reflects the court's judgment . . . that at the present stage of litigation it would be best for supplemental jurisdiction to be declined so that state issues may be adjudicated by a state court." Id. at 255.  When there is parallel pending state court litigation, considerations of judicial economy weigh heavily in favor of declining to exercise jurisdiction.  State Auto Ins. Companies v. Summy, 234 F.3d 131, 135 (3d Cir. 2000) ("A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation.")

Defendant respectfully submits that Plaintiff's state law claims, which are based entirely on allegations directly related to a pending state law proceeding, including claims against state-appointed counsel, should be dismissed as improper and not ripe.  Alternatively, at a minimum, these claims should be remanded to the Pennsylvania Court of Common Pleas because there is a "compelling" reason to allow a Pennsylvania State Court to adjudicate whether any impropriety

14

occurred in the proceedings before it.  Any adjudication by this court runs the serious risk of impugning the integrity and adversely affecting a fair outcome of the ongoing state guardianship petition.  Additionally, a consideration of judicial economy weighs heavily in favor of avoiding piecemeal litigation of the same issues in state and federal court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim under both RICO and Pennsylvania tort law.


Dated:  May 2, 2012             By:     **FLASTER/GREENBERG P.C.**

*s/ Jeffrey Cohen*

Jeffrey A. Cohen, Esquire (PA 69224)
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Ph:  (856) 661-1900
Fax:  (856) 661-1919
Jeff.cohen@flastergreenberg.com