**DEFENDANT'S EXHIBIT**

A

**FLASTER/GREENBERG P.C.**
By:  Jeffrey A. Cohen, Esquire (PA 69224)
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Ph:  (856) 661-1900
Fax:  (856) 661-1919
Jeff.cohen@flastergreenberg.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NORMA H. SILVERBERG,

                    Plaintiff,

    v.

                    **Civil Action No:  2:12-cv-00411**

MARC SILVERBERG
-and-
JOSEPH P. MCDONALD, ESQUIRE
-and-
DIANE M. ZABOWSKI, ESQUIRE

                    Defendants.

## REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT MARC SILVERBERG TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I.    PRELIMINARY STATEMENT

While Defendant Marc Silverberg ("Defendant") vigorously opposes all of the allegations in the Complaint, the simple fact is that, even accepting all facts as true, Plaintiff has failed to plead any plausible claims for relief.

As an initial matter, Plaintiff now asserts, in Plaintiff's Response to Defendant's Motion to Dismiss, various facts regarding the posture of the state court guardianship proceeding that occurred after Plaintiff filed the Complaint at issue.  However, when Plaintiff's Complaint was filed, the state court guardianship was still pending.  When Defendant filed his Motion to Dismiss, the state court guardianship was still pending.  Thus, Plaintiff's numerous references to updates in the procedural

posture of the state court guardianship proceeding must be disregarded by this Court, as those allegations are not pled in Plaintiff's Complaint.

As set forth below, and in Defendant's opening brief, Plaintiff's Complaint should be dismissed in its entirety.

## II.      ARGUMENT

### A.      Plaintiff's RICO Claim Against Marc Silverberg, an Individual, Fails as a Matter of Law

#### 1.      *Plaintiff has not Plead or Argued that Marc Silverberg formed an Association-in-Fact with Co-Defendants*

At the outset, it is not clear what Plaintiff means that "Defendant limits his challenge to whether . . . plaintiff has properly pled an association-in-fact enterprise." (Pl.'s Response at p. 7). The **only way** for Plaintiff to sustain a RICO claim with respect to Defendant Marc Silverberg, an individual, is to plead a plausible claim that he has formed an association-in-fact. Plaintiff has failed to do so.

There are only two ways to satisfy the RICO "enterprise" requirement. Plaintiff can show that there is (1) a legally-recognized association, such as a partnership or a corporation; or (2) an "association-in-fact," which can be an informal organization, but must have, *inter alia*, "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. United States, 556 U.S. 938, 946 (2009). As Marc Silverberg is an individual person, and not a legally-recognized association in his own right, Plaintiff **must plead** a plausible claim that he formed an "association-in-fact" with Defendants Joseph McDonald and Diane M. Zabowski.

Plaintiff's Response to Defendant's Motion to Dismiss fails to cite any supporting facts in the Complaint, or make any plausible argument, that Marc Silverberg formed an association-in-fact with his attorney (McDonald) and the court-appointed attorney for his mother (Zabowski). Plaintiff's only response to Defendant's argument that the enterprise element is not met is that

"Zabowski Law and McDonald Law each constitute an enterprise, and also formed a joint association or association-in-fact enterprise." (Pl.'s Response, doc. no. 25 at 7). Plaintiff doesn't even mention Marc Silverberg in the enterprise argument, or point to any facts pled making it plausible that Marc Silverberg's relationship with McDonald and Zabowski is such that there is a common purpose and longevity to their association. On this basis alone, Plaintiff's RICO claims should be dismissed.

### 2.   *Two Emails Sent to Plaintiff's Counsel Cannot Form a Plausible Basis for a RICO "Pattern" of Mail/Wire Fraud*

As events occurring after May 2011 are too close in time to Plaintiff's Complaint to establish RICO closed-end continuity,[1] Plaintiff argues that continuity in this case is based on "a pattern of conduct beginning in August 2007 with defendant's e-mail requesting financial records." (Pl.'s Response at 8). The Complaint contains only two allegations of pre-2011 communication, as follows:

85. [. . .]
   a.   E-mail of August 20, 2007 from M. Silverberg to R. Silverberg requesting financial information for plaintiff.
   b.   E-mail of March 10, 2009 from M. Silverberg to R. Silverberg requesting financial information for plaintiff.

Notably absent from the Complaint is any allegation that these emails contained a misrepresentation, or any omissions designed to deceive the recipient, as required by Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991). Kehr Packages clarified that, when mail fraud is used as the predicate offenses for RICO, an assessment of "pattern" is fact-sensitive, and involves an examination of the alleged fraudulent scheme, and the individual communications. While "innocent" mailings, which contain no false information, may supply the mailing element,

---

[1] See Tabas v. Tabas, 47 F.3d 1280, 1293 (3d Cir. 1995) (holding that "no more than twelve months" is not a "substantial" period of time for purposes of closed-end RICO continuity).

"innocent [mailings] cannot by itself transform defendants' alleged fraud into a RICO pattern." Id.
at 1414.

Therefore, in Kehr Packages, claims were dismissed against one defendant (Thomas
Donnelly) because there was simply nothing fraudulent about the communications he made with
plaintiffs. The communications he had with plaintiffs contained "no deceptive elements," as he
simply stated that he would attempt to get plaintiffs financing. Id. at 1416. By contrast, Donnelly's
co-defendants (Cohen and Noon) "misrepresented on numerous occasions that additional funds
would be provided" to plaintiffs. Id. at 1415. Importantly, the Court noted that "for purposes of
RICO continuity, the separate allegations against Donnelly do not add to the criminal activity
alleged against Cohen and Noon" because all three defendants were employees of Fidelity Bank at
different times. Id. at 1417.

Applying Kehr Packages to this case, Plaintiff's claims for mail and wire fraud fail because:
(1) there is nothing alleged to be deceptive in any of the communications; and (2) Marc Silverberg
was acting alone, and his actions cannot be imputed to the RICO enterprise for purposes of the
continuity analysis. It is insufficient for Plaintiff to simply state in a conclusory fashion that the
pattern of conduct began in August of 2007 "with defendant's e-mail requesting financial records."
(Pl.'s Response at 8). To sustain a plausible RICO claim, the mail fraud alleged to form a predicate
act "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to
deceive persons of ordinary prudence and comprehension." Id. at 1415 (internal citations omitted).
There is no allegation of any misrepresentation in Defendant's request for transparency of
Plaintiff's (his mother's) finances, and there are no facts making it plausible that the emails sent in
2007 and 2009 were part of a "scheme or artifice to defraud." 18 U.S.C. §§ 1341, 1343.

As to open-ended continuity, Plaintiff must set forth a plausible claim that the conduct
alleged "by its nature projects into the future with a threat of repetition." Tabas v. Tabas, 47 F.3d
1280, 1300 (3d Cir. 1995). Plaintiff has failed to plead facts making it plausible that this disputed

family law matter, revolving around Plaintiff's financial well-being, which is the only connection between these Defendants, is the type of conduct that threatens repetition.  Accordingly, Plaintiff's RICO claims should be dismissed.

3.   ***The Commencement of a Federal Proceeding cannot Amount to "Obstruction of Justice" and there is no Basis for Plaintiff's Conspiracy Claims***

Plaintiff's only response to Defendant's argument that there is no allegation of obstruction of justice with respect to a **federal proceeding** is that plaintiff predicts there will be "initiation of proceedings *by plaintiff* before the Social Security Administration or other federal judicial or administrative authority." (Pl.'s Response at 11) (emphasis added).  Plaintiff's argument is without merit, or support.  It is not plausible that the mere filing of a proceeding before a federal tribunal amounts to criminal obstruction of justice of that tribunal.  *Plaintiff's* own speculative initiation of a Social Security Administration proceeding does not create a plausible basis for alleging *Defendant's* criminal obstruction of that proceeding.  The statute at issue imposes criminal liability for one who "obstructs, influences, or impedes any official proceeding." 18 U.S.C. § 1512(c)(2). Plaintiff has failed to state a plausible claim for obstruction of justice under this section.

Additionally, Plaintiff is mistaken that an individual citizen has standing to bring a claim directly under 28 U.S.C. § 1512(k) for criminal conspiracy.  (Count III of Plaintiff's Complaint). Here, Plaintiff incorrectly plead the criminal statute, instead of as a predicate to a **civil action** under 18 U.S.C. § 1964(c).  The district court in Shahnin v. Darling, 606 F. Supp. 2d 525 (D. Del. 2009), aff'd, 350 F. App'x 605 (3d Cir. 2009) made this abundantly clear to the pro se plaintiff who had attempted to do the same thing.  Id. at 537 (holding that there is "no private cause of action for the alleged violation of 18 U.S.C. § 1512").  Accordingly, Plaintiff's claims for obstruction of justice, improperly plead directly under the criminal statute, should be dismissed.

Finally, Plaintiff's argument that the RICO conspiracy claims can be sustained, regardless of the merit of the underlying claim, is unavailing. While it is true that the Third Circuit Court of Appeals has held that a **"violation"** of § 1962(c) is not necessary to be liable for conspiracy under § 1962(d), a **failure to plead a violation of § 1962(c)** must result in the dismissal of a corresponding § 1962(d) claim. The difference is clear: a person who "opts into" a conspiracy to violate RICO is liable for his co-conspirators violations of the statute, even if that individual did not "conspire with respect to" a "particular element." Smith v. Berg, 247 F.3d 532, 537 (3d Cir. 2001). On the other hand, when a plaintiff fails to adequately plead that there has been any violation of the statute, any claim for conspiracy fails as well. Lum v. Bank of Am., 361 F.3d 217, 227 n.5 (3d Cir. 2004) ("Any claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."). Therefore, Plaintiff's claim for RICO conspiracy should be dismissed.

**B.      Plaintiff's State Law Claims Should be Dismissed in their Entirety**

   **1.      *Plaintiff's Claim for Abuse of Process as Pled in the Complaint is Not Ripe for Adjudication***

The only case cited by Plaintiff, Mitchell v. Guzick, 138 F. App'x 496, 501 (3d Cir. 2005) is inapposite. Plaintiff cites Mitchell in support of her assertion that a claim for abuse of process has "accrued." However, that case discussed "accrual" in the context of whether a claim for abuse of process is time-barred, which is distinct from the question of whether a claim is ripe for adjudication. See id. at 501-02 (finding some of plaintiff's claims time-barred and the rest without merit); Cf. Giordano v. Claudio, 714 F. Supp. 2d 508, 533 (E.D. Pa. 2010) ("The assertion . . . that the underlying litigation as a whole constitutes an abuse of process fails to state a claim which is ripe for adjudication. By definition, a lawsuit in its entirety cannot constitute an abuse of process when it has not yet been concluded.")

6

## 2.    *The Remaining State Law Claims are Barred by Judicial Privilege*

At the outset, it should be noted that Defendant "specifically incorporate[d] and adopt[ed] arguments made by co-Defendants in the briefs filed in support of their motions to dismiss" and therefore Defendant is not limited to the judicial privilege argument with respect to the state law claims. (Def.'s Mot. to Dismiss, doc. no. 21, at 2). Defendant again adopts and incorporates the substantive arguments with respect to the deficiencies of Plaintiff's state law claims made by co-Defendants. Nevertheless, Defendant maintains that Plaintiff's tort claims for invasion of privacy, fraud, and intentional infliction of emotion distress are wholly barred by Pennsylvania's judicial privilege.

Pennsylvania's judicial privilege applies to communications that are "(1) issued as a matter of regular course of the proceedings; **or** (2) pertinent and material to the proceedings." Bochetto v. Gibson, 860 A.2d 67, 71 (Pa. 2004) (emphasis added). The privilege is necessary to protect the "public policy which permits all suiters, however bold and wicked, however virtuous and timid, to secure access to the courts of justice to present whatever claims, true or false, real or fictitious, they seek to adjudicate." Id. (quoting Post v. Mendel, 507 A.2d 351, 355 (Pa. 1986)).

Plaintiff's only support is a case in which the Third Circuit specifically held that it was "not examin[ing] the allegations of the Complaint as it stands to determine whether the judicial privilege applies," and is unavailing here. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 312 (3d Cir. 2003).

In Plaintiff's Complaint, Plaintiff relies on one email from Defendant as the basis for Plaintiff's entire theory that the guardianship petition was based in bad faith, and then attempts to argue that the email is not "pertinent and material to the proceedings" for purposes of the privilege. (Pl.'s Brief at 14). Plaintiff's strained argument that the **same facts** support fraud in the guardianship proceeding as a basis for RICO but are not "pertinent" for privilege purposes, is disingenuous and untenable. All communications regarding the guardianship proceeding, including

those made during service of process of the complaint, are "pertinent and material to the proceedings" and not the proper subject of tort liability.

There are specific causes of action for the alleged wrongful initiation of a claim. However, Pennsylvania courts have resoundingly rejected garden-variety tort law claims for communications related to judicial proceedings. Therefore, Plaintiff's claims for invasion of privacy, fraud, and intentional infliction of emotional distress should be dismissed.


C.      **The Third Circuit's Decision in _Jackson v. Rohm & Haas Company_**

As Plaintiff's counsel has asserted that Defendants' description of the rulings of the courts in Jackson v. Rohm & Haas Company was "misleading," Defendant will let the words of the District Court and Third Circuit Court of Appeals speak for themselves.

Judge Pollock, on the dismissal of Plaintiff's RICO Claims:

> Viewed in the light of the history of this litigation and the decisions of this court, the CAC [Consolidated Amended Complaint] seems a model of obstructive and contumacious posturing. I do not consider most of the efforts by Jackson's counsel to be appropriate advocacy within the rules; instead, I agree with Judge Angell that they represent recurring obduracy of the kind that warrants sanction under Poulis.

> [. . .]

> The RICO Claims (Counts I – XI of the CAC) will be dismissed. The worst pleading abuses in these consolidated cases all arise from these claims. Counts XX – XXV of the CAC, which are state law claims, will also be dismissed because, as a group, they reflect clear disregard for the past directives of this court, and they are substantively interconnected with the RICO claims and undermined by the same kinds of pleading flaws.

(Opinion, 2:05-cv-04988, doc. no. 247 at *2, *3) (Mar. 19, 2009) (attached hereto as Exhibit "1" for the Court's convenience).

The Third Circuit Court of Appeals, upholding the District Court's dismissal and imposition of sanctions:

The *Jackson II* claims brought pursuant to RICO and 42 U.S.C. § 1985 were completely without merit, and Jackson's brief provides no sound arguments to the contrary. Accordingly, we find that the District Court did not abuse its discretion in imposing Rule 11 sanctions. In light of the frivolousness of these claims and the defendants having incurred expenses in defending against them, we also find that the District Court acted reasonably in sanctioning Jackson's counsel in the amount of two-thirds of the defendants' expenses.

Jackson v. Rohm & Haas Co., 366 F. App'x 342, 347 (3d Cir. 2010) (internal citations omitted) cert. denied, 131 S. Ct. 206, 178 L. Ed. 2d 45 (U.S. 2010).

In light of Plaintiff's counsel's (Plaintiff's son's) continued misuse and abuse of RICO and the federal courts, these cases are directly applicable to the issues currently before this court.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

Dated:  **May 30, 2012**                 **By:**    **FLASTER/GREENBERG P.C.**

                                                          *s/ Jeffrey Cohen*
                                                          Jeffrey A. Cohen, Esquire (PA 69224)
                                                          1810 Chapel Avenue West
                                                          Cherry Hill, NJ  08002
                                                          Jeff.cohen@flastergreenberg.com